UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSEPH CALLAN,<br><br>     Plaintiff,<br><br>v.<br><br>JANI REVIER, in her individual capacity and in her official capacity as Director of the Idaho Department of Labor,<br><br>     Defendant. | Case No. 1:26-cv-00130-DCN<br><br>**INITIAL REVIEW ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff Joseph Callan's Complaint (Dkt. 1) and Application for Leave to Proceed In Forma Pauperis (Dkt. 2). Pursuant to 28 U.S.C. § 1915, the Court must review Callan's request to determine whether he can file his lawsuit without prepaying the filing fee, formally known as "proceeding in forma pauperis." *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also review Callan's Complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2).

For the reasons explained below, the Court DENIES Callan's application to proceed in forma pauperis and DISMISSES his Complaint WITHOUT PREJUDICE. The Court will allow Callan an opportunity to remedy the shortcomings of his Application and

Complaint.

## II. BACKGROUND

On July 7, 2021, the Idaho Department of Labor ("DOL") sent Callan a letter notifying him that DOL found he had committed unemployment benefits fraud. Had Callan received the letter, he would have discovered that DOL accorded him the right to contest its determination at a telephonic hearing. But Callan never received the letter. According to Callan, DOL's file notes the notice was returned undelivered in August 2021.

Also in August 2021—whether before or after the notice was returned to DOL is unclear—DOL recorded a lien against Callan. Sometime in the late summer of 2023, the State of Washington intercepted the entirety of Callan's unemployment benefits (just over $3,000), relying on DOL's determination that Callan committed fraud. In May 2024, without additional prior notice, Idaho began to garnish Callan's wages at a rate of 25% per pay period. Callan claims he objected to the determination in July 2024, but DOL did not respond to his objection.

Callan further claims that Jani Revier, as Director of the DOL, deprived him of his wages without due process of law. In particular, he claims he was entitled to constitutionally adequate notice, a pre-deprivation hearing, and a post-deprivation opportunity to challenge the fraud determination. Callan seeks monetary, injunctive, and declaratory relief.

## III. LEGAL STANDARD

### A. IFP Application

"[A]ny court of the United States may authorize the commencement, prosecution or

INITIAL REVIEW ORDER - 2

defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets she possesses and indicates that she is unable to pay the fee required. The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

**B.  Initial Review**

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678.

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443,447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an

opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## IV. DISCUSSION

### A. IFP Application

Callan does not argue he *cannot* pay the filing fee. Instead, he argues that the imposition of a filing fee in the first place is unconstitutional. Callan cites *Crandall v. Nevada*, in which the Supreme Court found states cannot constitutionally tax people for leaving the state. 73 U.S. 35, 43–44 (1868). The Supreme Court justified its decision, in part, on the people's interest in accessing the seat of the federal government and its other offices. *Id.* In that sense, the Court stated that citizens have "a right to free access to . . . the courts of justice in the several States, and this right is in its nature independent of the will of any State over whose soil he must pass in the exercise of it." *Id.* at 44. Callan reads the Supreme Court's use of the word "free" here to mean "unpaid for."

Callan misreads *Crandall* because *Crandall*'s comment is dicta and because it uses "free" to mean "not substantially burdened" rather than "at no cost." *See Rice v. City of Boise City*, 2013 WL 6385657, at *1–2 (D. Idaho Dec. 6, 2013) (rejecting the argument that *Crandall* invalidates filing fees generally). It is well established that requiring a plaintiff to show that he cannot pay court costs in order to avoid prepayment of fees does not unconstitutionally burden plaintiffs' access to the courts. *Barren v. Harrington*, 152 F.3d 1193, 1195 (9th Cir. 1998) ("To state a valid claim for denial of access to the courts, a plaintiff must allege an actual injury."): *see also Murray v. Dosal*, 150 F.3d 814, 816–18 (8th Cir. 1998) (collecting cases). Although in a "narrow category" of cases, courts must be open to anyone regardless of their ability to pay, *see M.L.B. v. S.L.J.*, 519 U.S. 102, 113

INITIAL REVIEW ORDER - 4

(1996), the Supreme Court has never held that requiring filing fees as a general rule is unconstitutional.

Because Callan did not provide any financial information, his Application is DENIED. However, the Court GRANTS Callan leave to refile an in forma pauperis application if he so choses. If he choses to refile, Callan must use the form on the Court's website.[1]

### B. Sufficiency of the Complaint

Multiple legal issues require the Court to dismiss Callan's Complaint with leave to refile. First, the Eleventh Amendment bars Callan's monetary claims against the DOL. Second, because there is no vicarious liability in § 1983 actions, and there are no allegations connecting Revier personally to DOL's alleged misdeeds, the Complaint fails to state a claim against Revier. Third, Callan's claims against Revier also appear to be barred by the applicable statute of limitations.

#### 1. The Eleventh Amendment

The Eleventh Amendment recognizes that states enjoy sovereign immunity. *Alden v. Maine*, 527 U.S. 706, 712–13 (1999). That means individuals generally cannot sue states unless the state consents to the lawsuit. *Id.* at 754. The "state," for purposes of sovereign immunity analysis, includes the state per se, its agencies, and (usually) its officers when sued in their official capacity. *See Ex parte Young*, 209 U.S. 123, 150 (1908). If a state has not waived sovereign immunity, an individual cannot sue a state unless Congress has

---

[1] Callan may find the correct form (titled "In Forma Pauperis Application (Non Prisoner)) at https://www.id.uscourts.gov/district/pro_se/Forms.cfm

explicitly abrogated the state's immunity. *Alden*, 527 U.S. at 756. While suits against state officers are generally considered suits against the state, under the doctrine of *Ex parte Young*, certain suits against state officers for purely prospective relief are not suits against the state.

Callan sues Revier in her official capacity as Director of the DOL, so his lawsuit implicates Idaho's sovereign immunity. *See* Idaho Code § 67-2402 (explaining the DOL is a top-level division of the executive branch). Callan's complaint seeks both monetary and prospective relief. Take the monetary relief first. Nothing on the face of the complaint suggests Idaho has consented to suit or waived its Eleventh Amendment immunity to suit in federal court. Nor does § 1983 abrogate Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 342–45 (1979). The Court must, therefore, dismiss the portions of Callan's Complaint seeking monetary relief against Revier in her official capacity.

Callan references *Ex parte Young* in his Complaint, so it appears he is seeking to raise an *Ex parte Young* claim. "For a suit to proceed under *Ex parte Young*, the plaintiff must allege—not prove—an ongoing violation of federal law for which she seeks prospective injunctive relief." *R. W. v. Columbia Basin Coll.*, 77 F.4th 1214, 1221 (9th Cir. 2023). The Complaint does not allege facts showing Callan is imminently threatened by any new fraud designation, so his *Ex parte Young* claim stands or falls on the aftereffects of the 2021 fraud designation.

Callan cannot obtain an *Ex parte Young* injunction regarding his lack of notice and pre-deprivation hearing theories because he cannot lack notice or a pre-deprivation hearing twice regarding the same incident. Assuming that Callan's procedural due process theories

INITIAL REVIEW ORDER - 6

are correct, and that DOL's notice and pre-deprivation hearing policies are unconstitutional, those wrongs have been completed. Callan now has notice, and he did not have a pre-deprivation hearing. Callan's claims for injunctive relief regarding the notice and pre-deprivation policies must, therefore, be dismissed under the Eleventh Amendment.

Callan's *Ex parte Young* claim based on an alleged right to a hearing in the future seeks purely prospective relief and is not barred by the Eleventh Amendment. However, Callan does not have a colorable argument that procedural due process requires DOL to conduct a hearing at this point. Idaho law provides that if a person subject to an overpayment determination can show that,

> because of delay or error by the United States postal service or because of error on the part of the department, a determination was not delivered to the party's last known address, or transmitted electronically in a manner approved by the department, within fourteen (14) days of the date of mailing or service indicated on the determination, the period for filing a timely appeal extends to fourteen (14) days from the date of actual notice.

Idaho Code § 72-1368(3)(d). "[A]ctual notice satisfies due process." *Espinosa v. United Student Aid Funds, Inc.*, 553 F.3d 1193, 1203 (9th Cir. 2008), *aff'd,* 559 U.S. 260 (2010). Thus, Callan had fourteen days from when he received constitutionally adequate notice of the fraud determination to pursue an appeal. The Complaint on its face shows Callan had actual notice of Idaho's determination as early as August 2023; he did not contact the department for more information until July 16, 2024.[2] Thus, Callan does not have a colorable claim to any ongoing right to an appeal.

---

[2] Although it may be a fair inference that Callan was not initially on actual notice of his appeal obligations as of August 2023, when Callan received notice of the determination itself (or shortly thereafter), he was on *inquiry notice* of his appeal obligations. "[I]nquiry notice exists where a person has knowledge of such

INITIAL REVIEW ORDER - 7

Because Callan's claims against Revier in her official capacity are barred by the Eleventh Amendment or are not otherwise colorable, the Court DISMISSES those claims. However, the Court GRANTS Callan leave to amend. If Callan does so, he should pay special attention to pleading facts which establish that DOL's policy of denying him an appeal for timeliness reasons is unconstitutional as applied to his circumstances.

### 2. No Vicarious Liability in § 1983 Actions

State officers do not enjoy Eleventh Amendment immunity when they are sued in their individual capacity. *Sadid v. Idaho State Univ.*, 837 F. Supp. 2d 1168, 1176 (D. Idaho 2011). However, "[u]nder Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability." *Hansen v. Black*, 885 F.2d 642, 645–46 (9th Cir. 1989). In order to be liable as a supervisor, the supervisor must have been either personally involved in the deprivation or else there must be a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Olson v. Cnty. of Grant*, 127 F.4th 1193, 1197 (9th Cir. 2025). The Complaint's only allegation against Revier personally is ¶ 17, which indicates that Callan wrote to Revier, but Revier failed to respond. Paragraph 17 is insufficient to establish § 1983 liability against Revier. Revier's failure to respond to Callan cannot constitute involvement in Callan's initial lack of notice and pre-deprivation hearing claims because it occurred after those claims were completed. And, as explained above, the Complaint currently does not state a claim for denial of

---

facts as would lead a fair and prudent person using ordinary care to make further inquiries." *Ogle v. Salamatof Native Ass'n, Inc.*, 906 F. Supp. 1321, 1326 (D. Alaska 1995). Because a person of ordinary care would evaluate their options for appealing a fraud determination, Callan cannot argue he lacked sufficient notice to trigger the time to appeal merely because the Washington interception letter did not advise him of his appeal rights.

INITIAL REVIEW ORDER - 8

procedural due process because Callan failed to appeal within fourteen days of actual notice as required by Idaho law.

Thus, Callan's individual liability claims against Revier must be DISMISSED as well. As with his official capacity claims, the Court GRANTS leave to amend. If Callan choses to refile, he must allege facts which indicate that Revier was personally involved in his alleged constitutional violations or else that there is some connection between her act and his constitutional injury.

### 3. Statute of Limitations

Finally, much of the Complaint must be dismissed because the two-year statute of limitations bars all claims for acts occurring on or before March 9, 2024.

A statute of limitations is a time limit for bringing a lawsuit. Once the statute begins to run, plaintiffs have a certain amount of time in which to file their lawsuit. When the time period expires, the plaintiff can no longer bring a lawsuit. Congress has not set a statute of limitations for § 1983 actions, so federal courts use the statute of limitations applicable to claims for personal injury torts for the jurisdiction in which the Court sits. *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014). "In Idaho, that limitations period is two years." *Mintun v. Davis*, 2026 WL 161595, at *11 (D. Idaho Jan. 21, 2026) (citing Idaho Code § 5-219).

Almost all of the complained-of acts in this case occurred prior to March 9, 2024. Any claims based on those events must, therefore, be dismissed unless Callan can plead facts from which the Court could conclude he is entitled to equitable tolling.

If amending a complaint would remedy its deficiencies, then courts should provide

INITIAL REVIEW ORDER - 9

plaintiffs an opportunity to do so. *See Jackson*, 353 F.3d at 758. Because Callan *may* be able to state a claim upon relief can be granted, the Court will allow him an opportunity to amend his Complaint to remedy its deficiencies.

## V. CONCLUSION

Callan's Complaint identifies relevant legal issues and does a good job of providing a short and plain statement of the facts. *See* Fed. R. Civ. P. 8. But because he does not provide the Court financial information from which the Court could determine whether he must pay the filing fee, Callan's case cannot move forward. And, regardless, § 1983 actions are highly technical areas of law. Callan must remedy the Complaint's technical deficiencies before moving forward, if he chooses to do so.

## VI. ORDER

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Callan's Application for Leave to Proceed In Forma Pauperis (Dkt. 2) is DENIED without prejudice. The Court grants Callan leave to file a more complete application. Any such application must be filed within thirty (30) days of the date of this order.

2. Callan's Complaint (Dkt. 2) is DISMISSED without prejudice. The Court grants Callan leave to file an Amended Complaint in substantial compliance with the Court's analysis above. Callan must file his Amended Complaint within thirty (30) days of the issuance of this Order.

INITIAL REVIEW ORDER - 10

3.      Failure to submit an updated In Forma Pauperis application OR file an Amended Complaint within the ordered timeframe will result in the full dismissal of this case **with prejudice and without further notice**.

DATED: June 9, 2026

David C. Nye
U.S. District Court Judge

INITIAL REVIEW ORDER - 11